UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

FRED C. ARKO, JR.,                                              No. 03-13010

                    Debtor(s).
_____/

Amended Memorandum re Claim Estimation
_____

      Chapter 11 debtor Fred Arko has three principal creditors: Robert Freeman, who obtained a $9 million judgment against Arko and his business associate; the associate, who has settled with Freeman; and the law firm of Hanson, Bridgett, Marcus, Vlahos & Rudy, who unsuccessfully represented Arko and his associate in the Freeman lawsuit.

      Arko has proposed a Chapter 11 plan which was initially opposed by all three of these creditors. Freeman has withdrawn his opposition, leaving Arko's associate and their former law firm standing in the way of confirmation. The plan is probably not confirmable over their objections if they have valid claims. Arko has objected to their claims. It therefore falls to the court to adjudicate the claims to determine if the plan should be confirmed.

      The Hanson firm filed a claim for about $635,000.00 in unpaid legal fees. Arko has objected, arguing that the firm was guilty of professional negligence and is indebted to him in an amount in excess of that amount. Since the Hanson firm waived its right to a jury trial by filing a proof of claim, the court initially set a trial date to adjudicate it. However, the Hanson firm thereafter sought to have the matter adjudicated in state court and Arko readily agreed, leaving the court itself as the only one who wanted to have the matter quickly and finally decided. The court reluctantly agreed, and ordered that instead of

1

adjudicating the claim it would estimate it for purposes of plan confirmation.[1]

After reviewing declarations from the witnesses to be called at trial and hearing some live testimony from the principal witnesses, the court determines that the claim of the Hanson firm should be allowed at zero. Two separate methods of analysis lead the court to this result.[2]

First, while the court did not find Arko's allegations of professional negligence very compelling, they were supported by testimony of a competent expert and there is enough evidence to have the issue submitted to a jury. The court estimates that there is about a 20% chance that a jury could find the Hanson firm was negligent in failing to argue forcefully for a $4.2 million setoff against Freeman's damages either during trial or, more likely, in post-trial motions.[3],[4] If a jury made such a finding, it would probably take the $4.2 million figure and deduct the $635,000.00 in unpaid legal bills, netting out at about $3.5 million. Twenty percent of this amount is $700,000, which more than the Hanson claim. Hence, an analysis of the merit of the claims and the probability of success leads the court to a

---

[1]A creditor is normally not permitted to vote on a Chapter 11 plan if an objection to its claim is pending. However, the court may estimate the claim for confirmation purposes notwithstanding the objection. FRBP 3018(a); *In re Corey*, 892 F.2d 829, 834 (9th Cir. 1989); *In re Orosco*, 77 B.R. 246, 250-51 (Bkrtcy.N.D.Cal.1987)

[2]There is no set procedure or set of rules for estimating a claim. 9 Collier on Bankruptcy (15th Ed. Rev.) ¶ 3018.01[5], p. 3018-10. The court has considerable flexibility where estimation is only for confirmation purposes. *In re Stone Hedge Properties,* 191 B.R. 59, 64 (Bkrtcy.M.D.Pa.1995); *In re Roman Catholic Archbishop of Portland In Oregon*, – B.R. – (Bkrtcy.D.Ore.2006).

[3]The facts of the underlying case need not be discussed in detail, but essentially what happened is that Arko and his partner refused to give their consent to assignment of a lease to Freeman because they felt his balance sheet was not strong enough. Included on the balance sheet were shares of stock in a closely-held corporation which Freeman would have to surrender in order to assume the lease. Freeman had placed a value of $4.2 million on this stock, although the basis for this valuation was tenuous and the stock was probably worth a lot less, if there was any market for it at all. If Arko and his partner had argued that the stock was worth anything, it would have undermined their argument that Freeman was not financially sound.

[4]The court itself did not really buy the argument, and probably would have found no negligence if it was adjudicating the claim rather than estimating it. However, the court believes that a lay jury might find otherwise and there would be evidence to support such a finding.

2

Case: 03-13010    Doc# 384    Filed: 04/12/06    Entered: 04/12/06 15:12:09    Page 2 of 3

conclusion that the Hanson claim should be estimated at essentially zero.

The court reaches the same conclusion through an entirely different analysis. The Hanson firm admits that it negligently violated Rule 3-310(C)(1) of the California Rules of Professional Conduct by obtaining consent from Arko to represent him and his partner by giving him only oral, and not written, disclosure of the potential risks inherent in the dual representation.[5] The rule is inflexible, and violation results in the forfeiture of fees. *Asbestos Claims Facility v. Berry & Berry* (1990) 219 Cal.App.3d 9, 26-27; *Bletcher & Collins, P.C., v. Northwest Airlines, Inc.*, 858 F.Supp. 1442, 1445-47 (C.D.Cal.1994).

For the foregoing reasons, the court will assume, for purposes of confirmation of Arko's plan, that the Hanson firm has no allowable claim in this case. While the court will not order the Hanson firm to desist in its repeated calls for denial of confirmation or conversion of the case, it does suggest that these protestations will carry no weight with the court unless and until it actually obtains a judgment against Arko. If this seems harsh to the Hanson firm, it may wish to remember that the court was able and willing to promptly adjudicate its claim and it was the Hanson firm itself which sought to have its claim heard in another forum.

Counsel for Arko shall submit an appropriate form of order. The order shall recite that it has no preclusive effect in any other litigation, and that neither party may attempt to use it or this memorandum to establish any fact or point of law in any other forum.

Dated: April 12, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[5] The risks have become all too real, with Arko facing vigorous opposition to his plan from his former joint defendants, who have made a separate peace with Freeman.