UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

FRED C. ARKO, JR.,   No. 03-13010

　　　　　　　Debtor(s).
_____/

Memorandum After Trial
_____

I. Background

Debtor Fred C. Arko and creditor Linda Fotch are both experienced and sophisticated business persons. In 1997, they formed a limited liability company known as Trident LLC. Fotch was the managing partner, with a 65% interest. Arko had a 15% interest. They frequently consulted each other on business matters.

Trident owned waterfront real estate in Sausalito which it leased to the operator of two restaurants. In 1998, one Robert Freeman entered into an agreement to acquire the two restaurants. In order to achieve this, he needed Trident's consent to assignment of the lease.

Fotch determined that Freeman's financial backing was not sufficient and decided to withhold Trident's consent to the lease assignment. She discussed her decision with Arko, who agreed with her decision.

Arko then came up with the idea of allowing assignment of the lease if Freeman would accept $750,000.00 from him and Fotch in return for a 50% ownership interest in the restaurants. He discussed the proposal with Fotch before making it, and Fotch made no objection.

Freeman sued both Fotch and Arko for intentionally and wrongfully withholding consent to

1

the lease assignment. After a jury trial, Freeman obtained a judgment against both Arko and Fotch for almost $10 million based on intentional tort.

Arko filed his Chapter 11 petition on December 17, 2003. Arko and Fotch have now turned on each other. Fotch has filed a claim for about $1 million against Arko, and has filed claims on behalf of two LLCs she manages as well. Arko has objected to the claims and raised a counterclaim for alleged breach of Fotch's fiduciary duties to him. After trial, the court makes these findings and conclusions.[1]

II. Arko's Claims Against Fotch

After the state court judgment came down against them, and after unsuccessful negotiations for a global settlement, Arko and Fotch took separate paths to deal with the judgment. Arko prosecuted an appeal, which he believed had a reasonable chance for success. Not willing to gamble on an appeal, Fotch entered into separate negotiations with Freeman. She eventually reached a settlement which is at the center of the current dispute between her and Arko.[2] That settlement is the basis of Arko's claims against her.[3]

The crux of Arko's claims against Fotch is that she breached her fiduciary duty to him by in essence dictating the terms of any later settlement Arko might make with Freeman. Specifically, Arko points to two provisions in the Fotch-Freeman settlement: that Freeman is barred from settling with Arko unless that settlement included a release by Arko of his claims against Fotch, her brother and her

---

[1] It appears that somewhere along the line Fotch's counsel may have thought this was only an estimation hearing, perhaps due to the court's order that direct testimony be in the form of declarations, as permitted in trials by *In re Adair*, 965 F.2d 777 (9th Cir.1992). Counsel for Fotch acknowledged during the trial that he understood all matters were being finally decided on their merits.

[2] Fotch has filed a claim of about $1 million against Arko in his Chapter 11 case, arguing that she is entitled to recover her payments to Freeman and associated expenses from Arko. Arko has asserted a claim against Fotch for breach of her fiduciary duties as managing partner of Trident. Pursuant to FRBP 3007, this matter became an adversary proceeding.

[3] Arko eventually lost his appeal.

2

ex-husband; and that Freeman was obligated to obtain Arko's partnership interest in Trident as part of any settlement and thereafter transfer it to Fotch. Arko's claims are bolstered by Fotch's insistence that the terms of her settlement with Freeman be kept secret from Arko.

Arko has cited no case holding that a partner who is a joint intentional tortfeasor cannot sell out his partner in making a separate deal with the judgment creditor. Assuming without deciding that a partner's fiduciary duties do not permit this, there are still holes in Arko's argument.

First of all, the Fotch-Freeman settlement does not require Freeman to obtain Arko's partnership interest in Trident.[4] It only says that *if* Freeman obtain the partnership interest, he will convey it to Trident.

Second, there is no nexus at all between the alleged wrongful conduct and the damages sought. As a result of Fotch's alleged breach of fiduciary duties to him, Arko would have the court ignore statutes barring an intentional tortfeasor from contribution rights and order Fotch to pay a portion of his much larger settlement payment to Freeman.[5] If Fotch's insistence that Freeman obtain Arko's release of her and her relatives was wrongful, then the only proper measure of damages the court can think of would be the value of the claims Arko is forced to release. There was no evidence as to this value, and not even a hint that they are worth more than zero.

III. Fotch's Claims Against Arko

Fotch's claims against Arko are in essence for contribution or indemnity. She seeks reimbursement from Arko for the $500,000.00 cash she had to pay Freeman as part of her settlement with him, plus another several hundred thousand dollars in legal fees she says she is on the hook for on

---

[4]There is another LLC, Willy's, owned 82.5% by managing partner Fotch and 12.5% by Arko. The court does not discuss Willy's here to keep things as clear and simple as possible, except to note that Willy's and Trident were also judgment debtors in the Freeman case.

[5]Having gambled on an appeal and lost, Arko's settlement with Freeman is much more costly than Fotch's.

3

account of notes she signed to Willy's and Trident.

California Code of Civil Procedure § 875(d) provides that there is no right to contribution in favor of an intentional tortfeasor. Fotch argues that because here settlement with Freeman vacates the judgment against her that she is no longer an intentional tortfeasor, but has cited no case law which permits a settlement to undo the findings of a jury that two parties together intentionally injured a third. Moreover, it is very clear that both Arko and Fotch were equally at fault in the acts which resulted in the judgment against them. Fotch made the mistaken decision to withhold consent to the assignment of the lease, and Arko made the mistake of proposing a partnership deal to Freeman. Both Fotch and Arko were consulting each other and were acting in their mutual self-interest; there is no reason why they should not share equally in the consequences of their actions. For this reason also, neither Fotch nor Arko has any sort of right to indemnification.

Fotch's claims to reimbursement for attorneys' fees incurred in litigating with Freeman are unsupported by any sort of argument, let alone citations. There was no agreement for the sharing of attorneys' fees, and Fotch did not actually pay for them anyway; almost all of the fees were paid from the coffers of Willy's LLC. Fotch's claim is that she is liable to Willy's and Trident on notes that she gave them so Arko owes the same amount to her, even though Fotch owns most of Willy's and Trident and there is no requirement in the partnership agreements for Arko to put up any more cash. In the end, the court finds this claim unsupported by law or fact.[6]

IV. Trident's Claim

Fotch asserts a claim against Arko on behalf of Trident for failing to meet a capital call for attorneys' fees "despite agreeing to do so as a member." Arko denies any such agreement. Section 3.3 of the Trident Operating Agreement provides: "Dilution of the Percentage Interest of any member that does not contribute additional Capital as required herein shall be the sole remedy available to the

---

[6]Both Trident and Willy's were also judgment debtors on the Freeman judgment.

4

Company for such default." Section 13.11 provides that the agreement may be altered only by a writing signed by all of the members. There being no such writing, and no convincing evidence of any agreement by Arko, Trident's claim will be disallowed.

V. Willy's Claims

Fotch asserts on behalf of Willy's that Arko borrowed $71,250.00 from Willy's to pay for attorneys' fees, giving Willy's a note for this amount. Fotch produced only an unsigned note. She says Arko signed the note but that it disappeared from Willy's records, implying that Arko took it. Arko says he never signed it. The court finds insufficient evidence that the note was ever signed, and accordingly will not allow this claim.

Fotch asserts on behalf of Willy's that Arko personally guaranteed a loan from City National Bank for Willy's and failed to submit requested documentation thereafter, "resulting in the loan not being renewed and causing Willy's damage." It appears that this claim has been withdrawn; to the extent it is not withdrawn, there was no evidence to support a damage claim. This claim will accordingly be disallowed.

Fotch asserts on behalf of Willy's that Arko took possession of office space and never paid rent. Arko's only defense is that there was no agreement to pay rent and the space was small and unheated. Since there was no agreement that use of the space would be free, Willy's is entitled to a rent claim for the reasonable rental value of the premises from the date of occupancy to the date of the bankruptcy. It appears, as close as the court can determine given scant evidence, that the reasonable rental value was less than $500 per month and more than zero. The court will accordingly fix the rental value at $250 per month. Willy's shall therefore have an allowed claim for $3,375.00.

V. Conclusion

As experienced business people, Arko and Fotch should realize that creating trumped-up charges against each other only makes a bad situation worse. For the reasons stated above, the claims

of Fotch and Trident will be disallowed in full and the claim of Willy's allowed only in the amount of $3,375.00. The counterclaims of Arko against Fotch for breach of fiduciary will be disallowed in full. As to any claims not specifically discussed in this memorandum, the court finds insufficient evidence to support them and they will be disallowed.

The court finds no prevailing party in this matter. All parties shall bear their own costs and attorneys' fees.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Arko shall submit forms of order disallowing the claims of Fotch and Trident. Counsel for Fotch shall submit forms of order allowing the Willy's claim as stated above and denying Arko's claims for affirmative relief.

Dated: May 26, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge

6