UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

FRED C. ARKO, JR.,                                                          No. 03-13010

                              Debtor(s).
_____/

Memorandum on Order to Show Cause
_____

      In 2004, the court ordered the proceeds of the sale of estate property sequestered as the cash collateral of judgment lien creditor Robert Freeman. During these Chapter 11 proceedings the debtor in possession, Fred Arko, improperly used some of the funds to cure a default on other estate property. At the request of Freeman, the court issued an order to Arko to appear and show cause why he should not be held in contempt for violation of the order.

      At the initial hearing, Arko did not dispute the allegations against him. The court then appointed a Chapter 11 trustee, it being apparent that Arko had forfeited his right to be a debtor in possession by disobeying an order of the court.

      The court deferred an award of further sanctions for further hearing. At that hearing, the court was nonplused to learn that Freeman had commenced an action against Arko in *state court* based on Arko's use of the funds. The court was even more astounded when Freeman's counsel attempted to bargain with the court, offering to drop the state court action if this court's remedies were deemed sufficient by Freeman.

1

1   The court cannot see any role the state court has to play in this drama.  Either a Chapter 11 plan will be confirmed, or the case will be converted to Chapter 7,  or the case will be dismissed.  This latter result is the least likely, as there has been considerable litigation and there are assets to be liquidated.  If a Chapter 11 plan is confirmed, Freeman will have a priority claim pursuant to  § 507(a)(1) of the Bankruptcy Code and will have to be made whole pursuant to  § 1129(a)(9)(A).  If the case is converted, Freeman's claim will be treated for all purposes as if it had arisen prepetition pursuant to § 348(d), so there will be no role for the state court to play.  Only in the improbable event that this case is dismissed would there be a basis for a state court ruling, and even then this court would almost certainly retain jurisdiction to adjudicate the matter so that a state court does not have to learn about cash collateral rights in bankruptcy and then enforce an order of a federal judge.

Thankfully, the supremacy provisions of the United States Constitution allow this court to decline Freeman's offer to drop the state court action if he deems this court's remedy satisfactory.  Whether by removal or injunction, this court will see that the state court is not burdened by this dispute.  Freeman's remedy will be decided by this court alone.

The court deems loss of debtor in possession status to be a sufficient punishment for Arko at this time.  Further relief will be denied without prejudice to further proceedings in this court and without prejudice to the rights of the Chapter 11 trustee.  Counsel for Arko shall submit an appropriate form of order.

Dated:  June 26, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge

2